| | |
|---|---|
| Robert G. Uriarte (SBN 110055)<br>rgulawoffice@gmail.com<br>LAW OFFICE OF ROBERT G. URIARTE<br>161 Commerce Way<br>Walnut, CA 91789<br><br>Tel:  (626) 859-1100<br>Fax: (626) 859-3150<br><br>Counsel for Debtor | **FILED & ENTERED**<br><br>MAR 01 2018<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell   **DEPUTY CLERK** |

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GEORGE KONTOGEORGIS<br>SANDRA CAROLINA SANCHEZ,<br><br>    Debtor(s)<br><br>───────────────────────────<br>GEORGE KONTOGEORGIS<br>SANDRA CAROLINA SANCHEZ,<br><br>    Movant(s),<br><br>  vs.<br><br>THRIFTY OIL CO.<br><br>    Respondent(s). | ) Case No. 2:12-bk-10612-RK<br>)<br>) Chapter 7<br>)<br>)<br>)<br>)<br>)<br>) **STATEMENT OF**<br>) **UNCONTROVERTED FACTS AND**<br>) **CONCLUSIONS OF LAW RE MOTION**<br>) **OF DEBTORS FOR SUMMARY**<br>) **JUDGMENT ON MOTION TO AVOID**<br>) **LIEN OR, IN THE ALTERNATIVE,**<br>) **FOR AN ORDER ADJUDICATING**<br>) **FACTS EXISTING WITHOUT**<br>) **SUBSTANTIAL CONTROVERSY**<br>)<br>) Date:  February 28, 2018<br>) Time:  1:30 p.m.<br>) Ctrm:    1675<br>)          255 E. Temple St.<br>)          Los Angeles, CA 90012 |

Regarding the **MOTION OF DEBTORS DEBTORS GEORGE KONTOGEORGIS SANDRA CAROLINA SANCHEZ** ("Movants"), **FOR SUMMARY JUDGMENT ON**

**MOTION TO AVOID LIEN OR, IN THE ALTERNATIVE, FOR AN ORDER ADJUDICATING FACTS EXISTING WITHOUT SUBSTANTIAL CONTROVERSY,** the court hereby issues the following statement of uncontroverted facts and conclusions of law:

### A.  UNCONTROVERTED FACTS

1. 1. Debtors George Kontogeorgis, (hereinafter "Kontogeorgis" or "Debtors") filed Chapter 7 Bankruptcy on January 6, 2012.[1]

2. The Debtors received their Chapter 7 Discharge in or about April 16, 2012[2].

3. The court closed this Chapter 7 case in or about April 25, 2012[3].

4. The Debtors filed a motion to re-open their case at this time for the limited purpose of filing a motion to remove a judicial lien from real property used as their residence[4].

5. By order of the United States Bankruptcy Court entered on August 2, 2017, the Chapter 7 Case was reopened[5].

6. Debtor filed a Motion with this court to avoid this judicial lien, which Motion was continued on 12/6/2017. The Court's tentative ruling was that the motion would be treated as a contested matter under FRBP 9014 and that the opposing papers filed by Thrifty Oil raised material issues as to whether the Debtors were entitled to claim a $175,000.00 and the valuation of the subject Property. The Court noted that if either party believes there are no material issues of fact and it is entitled to judgment as a matter of law that it may seek summary judgment upon proper motion[6].

7. The Debtors' initial Chapter 7 petition claimed a homestead exemption in real property commonly known as 705 E. Ivy, Glendora, California 91740, as a single family residence (Property) with a value of the Residence at $347,000.[7]

---

[1] Evidence, Exhibit 4, page 2, docket entry # 1, Chapter 7 Case No. 2:12-bk-10612 RK
[2] Evidence, Exhibit 4, page 3, docket entry #13, Chapter 7 Case No. 2:12-bk-10612 RK
[3] Evidence, Exhibit 4, page 3, docket entry # 15 Chapter 7 Case No. 2:12-bk-10612 RK
[4] Evidence, Exhibit 4, docket, page 3, docket entry # 16, Chapter 7 Case No. 2:12-bk-10612 RK
[5] Evidence, Exhibit 4, docket, page 4, docket entry # 19, Chapter 7 Case No. 2:12-bk-10612 RK.
[6] Evidence, Exhibit 4, page 8, docket entry dated 12/6/2017, Case no. 2:12-bk-10612 RK
[7] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., page 78

8.  Subsequently and by Interspousal Transfer Deed Recorded in the Los Angeles County Recorder's Office as document number 89-47470, on January 10, 1989, Jeri L Kontogeorgis transferred her interest in the Property to George Kontogeorgis[8].

9.  Subsequently, by grant deed dated May 9, 1995, and recorded with the Los Angeles County Recorder's Office bearing case number 95-802822, the Debtor caused to be recorded a grant deed showing title in the Debtor alone as an unmarried man[9].

10. Also, in 1995, the Debtor executed an Open End Deed of Trust (Securing Future Advances) to a maximum of $226,000.00 with World Savings Bank, which Deed of Trust was recorded with the Los Angeles County Recorder's Office on September 1, 2005 bearing document number 05-2107177[10].

11. In 1998 the Debtor refinanced the Property with World Savings & Loan, and executed a Note and Deed of Trust dated February 9, 1998. The note was for the sum of $158,400.00 and was secured by a first deed of trust against the property. The maximum aggregate principal balance secured by the deed of trust is $198,000.00[11].

12. In connection with the bankruptcy filing, The Debtors claimed an exemption in the Property pursuant to C.C.P. § 704.730, and were entitled to a $175.000.00 exemption as they resided (and currently reside) there[12].

13. As of the filing date of Debtor's petition, the fair market value of the property was $295,000.00 as set forth in the appraisal attached to the declaration of Lee Christopherson, a California Licensed Residential Real Estate Appraiser[13].

14. The following is a list of all encumbrances on the Residence on the date of the filing:

---

[8] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., page 25
[9] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., page 31
[10] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., pages 34-52
[11] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., pages 54-75.
[12] Evidence, Exhibit 1, Notice of Motion and Motion to Avoid Lien of Thrifty Oil Co., page 78
[13] Evidence, Exhibit 2, Declaration of Lee Christophersen, page 2, ¶5 and appraisal attached thereto

  1. World Savings Wachovia deed of trust securing a loan with a principal balance of $94,744.50, as of 11/10/11, only one month before the

  2. Wachovia Equity Line of Credit with a principal balance of $82,063.95 as of 11/5/11, only one month before the bankruptcy petition was filed);

  3. Thrifty Oil Co, with a recorded abstract of judgment in the amount of $31,230.52, recorded on 4/14/11[14].

15. The total of encumbrances on the Property as of the date of the Debtors' petition totaled $219,784.97[15].

16. Thrifty Oil Co., recorded an abstract of judgment in the amount of $31,230.52 recorded on 4/14/11 judgment from the Superior Court of California of Los Angeles in Case No. KC059535, in Los Angeles County Recorder's Office on April 14, 2011, as document number 20110545617[16].

17. Mr. Kontogeorgis was born on February 12, 1956 and was therefore 55 years or older at the time of the filing his Chapter 7 case[17].

18. The Debtors filed tax returns for the calendar year 2012, the calendar year in which the petition was filed, and the Account Transcript obtained by the Debtor from the I.R.S., establish that the Debtors' gross income for the year 2012 was $18, 280.00 with an adjusted gross income of negative $49,292.00[18].

---

[14] Evidence, Exhibit 8, Declaration of George Kontogeorgis, page 3, thereto, ¶15.
[15] Evidence, Exhibit 8, Declaration of George Kontogeorgis, page 4, thereto, lines 3-5.
[16] Evidence, Exhibit 8, Declaration of George Kontogeorgis, page 4, thereto, ¶16 Exhibit 1, pages 84 -85
[17] Evidence, Exhibit 8, Declaration of George Kontogeorgis in Support of Motion for Summary Judgment, page 5, ¶20, lines7-10; Evidence, Exhibit 5 (California Drivers' License).
[18] Evidence, Exhibit 8, Declaration of George Kontogeorgis in Support of Motion for Summary Judgment, page 4, ¶18, lines 24-28 and page 5. Lines 1-6; Evidence, Exhibits 6, Federal Income Tax Summary and Exhibit 7 (Internal Revenue Service Account Transcript for Debtors for tax year 2012.)

**B.     CONCLUSIONS OF LAW**

1. If and to the extent any of the above findings of fact are conclusions of law, such findings of fact are incorporated herein by this reference.

2. In order to qualify for a homestead exemption under Cal. Civ. Code of Proc. §704.703(c), applicable in this case at the time of the filing, the individual claiming said exemption must be a person 55 years or older with a gross annual income of not more than fifteen thousand dollars (15,000.00) or, if the judgment debtor is married, a gross annual income, including the gross annual income of the spouse, of not more than Twenty-Thousand dollars ($20,000.00) of the judgment Debtor and the sale is an involuntary sale.

3. "Gross annual income" under C.C.P. § 704.730(c) means that gross annual income in the calendar year in which the petition is filed, not the income during the twelve-month period immediately preceding the filing of the petition. *In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995).

4. Gross annual income, as stated on a tax return, is presumptively correct since the returns are enforced by criminal penalties. *In re Marriage of Loh*, 93 Cal App 4th 325 (2001).

5. There is no just reason for delay in entering summary judgment against Thrifty Oil Co., with respect to the issue of the debtors are entitled to claim a homestead exemption in the amount of $175,000.00 pursuant to C.C.P. § 704.730(c).

6. Based on the evidence adduced by Debtors, The calculation of impairment of their homestead exemption would be as follows:

$295,000.00 (Property's value)

Less

$ 94,744.50 (Wachovia 1st T.D. consensual lien)

$ 82,063.95 (Wachovia HELOC consensual lien)

$118,191.55 (Debtor's Equity)

Less          $175,000.00 (Debtors homestead exemption)

&lt;$56,808.45&gt; (Negative indicates no equity to which judgment liens can attach)

7. There is no equity in the property for any portion of the Thrifty Oil Co., judgment lien to attach, and said lien if not avoided would impair the Debtors' homestead exemption.

8. There is no just reason for delay in entering summary judgment against Thrifty Oil Co., with respect to the issue of the avoidability of the judgment lien of Thrifty Oil Co., in the entire amount thereof.

IT IS SO ORDERED.

### 

Date: March 1, 2018

_____
Robert Kwan
United States Bankruptcy Judge